```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF TEXAS
                  GALVESTON DIVISION
```

| | | |
|---|---|---|
| CLIFF GROTHE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-08-0090 |
| | § | |
| CENTRAL BOAT RENTALS, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiff, Cliff Grothe's, Motion to Remand (Docket Entry No. 5). For the reasons explained below, Grothe's motion will be granted.

### I. Factual and Procedural Background

On September 21, 2007, Central Boat Rentals, Inc. ("CBR") hired Grothe as a deckhand and permanently assigned him to work aboard the M/V MR. SID. On September 22, 2007, while working aboard the M/V MR. SID, Grothe broke his ankle. Before breaking his ankle, Grothe spent 75% to 100% of his time working aboard the M/V MR. SID.[1]

Grothe filed suit against CBR under the Jones Act, 46 U.S.C. § 30104, in Galveston County Court at Law No. 2, alleging that CBR

---

[1] Plaintiff's Motion to Remand, Docket Entry No. 5, Exhibit A, Affidavit of Cliff Grothe ¶¶ 4-10.

was grossly negligent and that the M/V MR. SID was unseaworthy.[2] CBR removed the action to this court on the basis of diversity jurisdiction.[3]  Grothe then filed his motion to remand the case back to state court.

## II.  Standard of Review

Although a Jones Act claim is generally not removable from state court, "[a] fraudulently pleaded Jones Act claim does not . . . bar removal."  Holmes v. Atl. Sounding Co., Inc., 437 F.3d 441, 445 (5th Cir. 2006).  A Jones Act claim is fraudulently pleaded when "'resolving all disputed facts and ambiguities in current substantive law in plaintiff's favor, the court determines that the plaintiff has no reasonable possibility of establishing a Jones Act claim on the merits.'"  Id. (quoting Hufnagel v. Omega Serv. Indus., Inc., 182 F.3d 340, 345-46 (5th Cir. 1999)).  In making this determination the court may use a "summary judgment like procedure" and pierce the pleadings by accepting summary judgment type evidence.  Id. (internal quotation marks omitted). Defendant bears the "heavy" burden of establishing that the plaintiff's claim was fraudulently pleaded.  Lackey v. Atl. Richfield Co., 990 F.2d 202, 207 (5th Cir. 1993).

---

[2]Defendant's Notice of Removal, Docket Entry No. 1, Plaintiff's Original Petition ¶¶ 1, 7-8.

[3]Defendant's Notice of Removal, Docket Entry No. 1.

### III. **Analysis**

CBR argues that removal of this action was proper because Grothe is not a Jones Act "seaman" as a matter of law. The Jones Act allows "[a] seaman injured in the course of employment . . . to bring a civil action at law, with the right of trial by jury, against the employer." 46 U.S.C. § 30104. "Seaman" is a term of art that courts have interpreted narrowly "to separate the sea-based maritime employees who are entitled to Jones Act protection from those land-based workers who have only a transitory or sporadic connection to a vessel in navigation[.]" Chandris, Inc. v. Latsis, 115 S. Ct. 2172, 2190 (1995). A plaintiff is a "seaman" within the meaning of the Jones Act only if (1) the plaintiff's duties "contribute to the function of the vessel or the accomplishment of its mission," and (2) the plaintiff has a connection to a vessel or fleet of vessels "that is substantial in . . . its duration and its nature." Id. at 2194.

There is no dispute that Grothe fulfills the first element of the Chandris test. Nor has CBR raised any argument that Grothe lacks a connection to a vessel that is substantial in nature. CBR's only argument is that Grothe is not a Jones Act seaman because he lacks a connection to the M/V MR. SID that is substantial in duration.[4]

---

[4] Defendant's Response to Plaintiff's Motion to Remand, Docket Entry No. 8, pp. 1, 3, 5-12.

Generally, a plaintiff's connection to a vessel is substantial in duration when "30 percent or more of his time is spent in service of that vessel." Becker v. Tidewater, Inc., 335 F.3d 376, 388-89 (5th Cir. 2003) (internal quotation marks omitted). CBR argues that Grothe cannot meet the substantial duration test as a matter of law because he worked on the M/V MR. SID for only one day before being injured.[5] Grothe argues that, notwithstanding the limited duration of his employment, he is "unquestionably" a Jones Act seaman because he spent between 75% and 100% of his time aboard the M/V MR. SID.[6]

In establishing the two-part test for seaman status, the Court in Chandris was careful to note that in evaluating whether a maritime worker has obtained seaman status "courts should not employ 'a "snapshot" test . . . , inspecting only the situation as it exists at the instant of injury; a more enduring relationship is contemplated in the jurisprudence.'" 115 S. Ct. at 2187 (quoting Easley v. S. Shipbuilding Corp., 965 F.2d 1, 5 (5th Cir. 1992)). Thus, reasoned the Court, "someone who ha[s] worked for years in an employer's shoreside headquarters [and] is then reassigned to a ship in a classic seaman's job . . . . should not be denied seaman status if injured shortly after the reassignment[.]" Id. at 2191.

---

[5] Id.

[6] Plaintiff's Motion to Remand, Docket Entry No. 5, pp. 1, 3-5; Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Remand, Docket Entry No. 10, pp. 3-4.

Instead, "a maritime employee [that] receives a new work assignment in which his essential duties are changed . . . is entitled to have the assessment of the substantiality of his vessel-related work made on the basis of his activities in his new position." Id. at 2191-92.

Applying this reasoning, the Third Circuit in Foulk v. Donjon Marine Co., Inc., 144 F.3d 252 (1998), reversed a district court's award of summary judgment for an employer, and held that a plaintiff who was hired to work aboard a vessel for a ten-day job but was injured on the first day (and, in fact, only a few hours into the first day), could still obtain seaman status. Id. at 259-60. "[U]nder the 'no snapshot' doctrine, articulated in Chandris, a court does not evaluate a worker's connection to a vessel or fleet at the moment of injury. Instead, the court must consider his intended relationship, as if he had completed his mission uninjured." Id. at 259 (citing Chandris, 115 S. Ct. at 2187) (emphasis added). Accordingly, the court held that because an uninjured plaintiff would have spent nearly all of his ten days aboard the vessel, the district court's grant of summary judgment was improper: "A jury could reasonably find that an employee's connections to a vessel are substantial in both duration and nature even if the duration contemplated is 10 days." Id. at 260.

Several other courts, including courts within this circuit, have applied the "no snapshot doctrine," and reached similar conclusions. See Phelps v. Bulk III Inc., Nos. 06-0833, 05-2148,

2007 WL 3244723, at *3 (E.D. La. Nov. 1, 2007) (refusing to deny the plaintiff seaman status as a matter of law because plaintiff, who was injured five days after being hired, spent ninety percent of his employment in a vessel's service); Stewart v. J.E. Borries, Inc., No. 06-187, 2007 WL 2915033, at *5 (S.D. Miss. Oct. 4, 2007) (holding that a plaintiff who was injured on his first day of the job could nevertheless satisfy the substantial duration test, and, thus, still qualify as a Jones Act seaman); LaCount v. Southport Ent., No. 05-5761, 2007 WL 1892097, at *4-5 (D.N.J. June 29, 2007) (holding that even though plaintiff had worked aboard the vessel for only three days before his injury, and had announced that he would resign after the third day, plaintiff was not precluded as a matter of law from satisfying the substantial duration test); cf. Becker, 335 F.3d at 390 (holding that a land based employee injured on the first day of his assignment aboard a vessel could neverthe- less establish seaman status in part by proving that he "would spend at least 30% of his time aboard a vessel" (emphasis added)).

Here the facts, construed in the light most favorable to Grothe, show that Grothe was hired to work permanently as a deckhand on the M/V MR. SID, and that he spent (or would have spent) between 75% and 100% of his time at sea aboard that vessel.[7]

---

[7]Plaintiff's Motion to Remand, Docket Entry No. 5, Exhibit A, Grothe Aff. ¶¶ 8-10.  Although CBR has offered an affidavit of its own disputing the facts alleged by Grothe concerning the permanency of his employment, see Defendant's Response to Plaintiff's Motion to Remand, Docket Entry No. 8, Exhibit A, Affidavit of Donald (continued...)

Thus, if a court followed the reasoning of Foulk and Phelps, and arguably Becker, Grothe could satisfy the substantial duration test, and, thus, qualify as a seaman notwithstanding the brevity of his work aboard the M/V MR. SID or his employment with CBR.  Under these authorities the fact that Grothe may have worked on the M/V MR. SID for only one day is not, without more, determinative of his status as a seaman.  See, e.g., Foulk, 144 F.3d at 259-60.

CBR has cited cases that support its position that one day's work aboard a vessel is insufficient to satisfy the substantial

---

[7](...continued)
Lancon ¶¶ 4-7, at this stage in the proceedings the court must resolve all disputed fact issues in Grothe's favor.  Holmes, 437 F.3d at 445.  Moreover, the court rejects CBR's request to strike the purportedly "conclusory, self-serving, and speculative" statements Grothe made in his affidavit.  See Defendant's Response to Plaintiff's Motion to Remand, Docket Entry No. 8, p. 1.  Grothe stated in his affidavit his recollection of the terms of his employment.  These statements are no more conclusory or self-serving than the statements Lancon made in his affidavit concerning his understanding of the terms of Grothe's employment.  Compare Plaintiff's Motion to Remand, Exhibit A, Grothe Aff. ¶ 10 ("I was hired to permanently perform maritime functions aboard Central Boat Rental, Inc.'s vessels."), with Defendant's Response to Plaintiff's Motion to Remand, Docket Entry No. 8, Lancon Aff. ¶ 7 ("[Grothe] had not been permanently assigned to any vessel and I had not yet formed any intentions as to whether I would offer Mr. Grothe an assignment to another vessel after he completed his assignment on the MR. SID.").  Nor will the court rely on the affidavits CBR filed with its Sur-reply to Plaintiff's Motion to Remand (Docket Entry No. 13); Grothe has not had an adequate opportunity to respond to those affidavits.  Moreover, those affidavits intensify rather than resolve the factual disputes surrounding the terms of Grothe's employment, disputes, which even if resolved in CBR's favor, would not, under controlling authority, establish as a matter of law that Grothe has fraudulently alleged a Jones Act claim.  Under authorities such as Foulk a probationary, seven-day assignment to work aboard a vessel, see, e.g., Defendant's Sur-reply to Plaintiff's Motion to Remand, Docket Entry No. 13, Affidavit of Donald Lancon ¶ 3, could be sufficient to satisfy the substantial duration test.  See 144 F.3d at 259-60.

duration test. See, e.g., Sologub v. City of New York, 202 F.3d 175, 180 (2d Cir. 2000) (eight hours aboard a vessel is "hardly enough" to satisfy the substantial duration test); Fisher v. Nichols, 81 F.3d 319, 323 (2d Cir. 1996) (one day aboard a vessel "is best characterized as insubstantial in nature"). The existence of contrary but nonbinding authority is not sufficient to meet CBR's "heavy burden" of proving that there is no reasonable possibility that Grothe can recover under his Jones Act claim in state court. Cf. Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc., 390 F.3d 400, 407-08, 410 (5th Cir. 2004). Absent binding authority to the contrary, a court remains free to decide this case under the reasoning of Foulk, reasoning that, if followed, could allow Grothe to recover in state court. The court will, therefore, grant Grothe's motion to remand.

## IV. Conclusion and Order

Based on the foregoing analysis, Grothe's Motion to Remand (Docket Entry No. 5) is **GRANTED**, and this action is **REMANDED** to Galveston County Court of Law No. 2.

The Clerk of this court will promptly provide a copy of this Memorandum Opinion and Order to the Clerk of Galveston County, Texas.

**SIGNED** at Houston, Texas, on this the 15th day of July, 2008.

SIM LAKE
UNITED STATES DISTRICT JUDGE